

Raul Jauregui <rj@rauljauregui.com>

---

## McCarthy v Jauregui Defendant Jauregui's Rule 11 and Local Rule 7.1 notice
4 messages

---

**Raul Jauregui** <rj@rauljauregui.com>  Tue, Apr 4, 2023 at 8:00 AM
To: "Susan J. French" <sfrench@chartwelllaw.com>, "Hema P. Mehta" <hmehta@chartwelllaw.com>, Gene Maginnis <ejmaginnis@dbmplaw.com>, "barry.dyller" <barry.dyller@dyllerlawfirm.com>, Tara Giarratano <tara.gtano@dyllerlawfirm.com>

Mr. Dyller:

This email contains both your Rule 11 notice to withdraw this litigation against me, now, and your Local Rule 7.1 notice to concur in withdrawing this litigation against me now.  If you do not respond by withdrawing the litigation against me on or before Friday April 7, 2023 at 5:00 PM, I will file for sanctions pursuant to Rule 11, and seek your disbarment, right after.

**First:**  Your declaratory judgment action contradicts your prior motions to the same Judge.

In *McCarthy v Jauregui*, 3:21-cv-01759 Document 35 Paragraph 5, you moved Judge Mariani to vacate his case management order and the related discovery deadlines in that case. Thus, you actually asked Judge Mariani to stop the litigation, which in fact prevents any of us, including you and your clients, from further action. All we do know at this point, thanks to your motion to stay, is that the litigation is subject to motions to dismiss from each defendant against all plaintiffs, and to motions for sanctions against you from Mr. Boye.

On that record there are zero grounds today for you to argue in good faith what you in fact maliciously claim in your declaratory judgment action against me, namely, not only that there is the potential for recovery from me for any of your clients, but also that the claims of any of your clients claims against me, if viable, which they are not, would exceed the available coverage of my law firm's policy.  Your own motion to stay prevents that plausibility.  Thus, on that basis alone, you must withdraw your entire declaratory judgment complaint against me.

**Second:**  Factually, your complaint for declaratory judgment has significant mistakes and omissions that you knew about *before* filing, which include:

1.     Your choice to not tell the Court that the Pennsylvania Superior Court upheld Mr. Boye's claim for defamation against your client Mrs. McCarthy which means, contrary to what your complaint avers at No. 20, that there always was, currently is, and there always will be a basis for holding Mrs. McCarthy responsible for her slander of Mr. Boye.  Yet you state exactly the opposite in your complaint and you knew this *before* filing that complaint.  Thus you actually misrepresent both the facts and the law to any court who reads your declaratory judgment complaint, because your pleading falsely states that there are no basis for the slander action against Mrs. McCarthy when the Superior Court held there are basis.

2.     Your malicious choice to falsely insist that Title IX procedures at Kings are a legal process that I abused, as if they were a hearing in front of a state actor, because as I patiently taught you *before* you filed, Title IX adherence is voluntary in nature because Title IX passed pursuant to Congress' spending

power which means that the disciplinary misconduct apparatus at Kings is private, voluntary, and not subject to the kind of abuse of process that you maliciously claim against me over and over again.

3.      Your malicious choice to actually misrepresent to any Court reading your declaratory judgment complaint at Nos. 13 and 17  that I had no basis to take the actions that I took concerning Devin McCarthy's and Oluwatomisin Olasimbo's alleged violations of King's Sexual misconduct code when you knew *before* you filed this action, from evidence that you received through your subpoena to King's, that each of those actions has a basis in fact including several written documents that you received from King's.

**Third:** In all your briefing for this litigation, thus far, you have failed to explain to Judge Mariani why you falsely argued to him that Judge Gartley of Luzerne County ruled what she never ruled, which is part of the grounds Mr. Boye used in his own motion for sanctions against you and how that conduct, and the points in this letter, does not constitute your malicious, racist, pattern of abuse against me and Mr. Boye, and knowing violations of the standards of practice in this district.

In conclusion, given your abysmally embarrassing and malicious record, do withdraw your entire litigation against me now, or I will move both for Rule 11 sanctions against you, and request that Judge Mariani refer you to the Chief Judge of the Middle District for disbarment by COB this Friday.

Sincerely,

Raul Jauregui

--
Raul Jauregui

Attorney
Jauregui Law Firm
720 Arch Street, PO Box 861
Philadelphia, PA 19107
(215) 559-9285

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.

---

**Barry H. Dyller** <barry.dyller@dyllerlawfirm.com>  Tue, Apr 4, 2023 at 9:27 AM
To: Raul Jauregui <rj@rauljauregui.com>, "Susan J. French" <sfrench@chartwelllaw.com>, "Hema P. Mehta" <hmehta@chartwelllaw.com>, Gene Maginnis <ejmaginnis@dbmplaw.com>, Tara Giarratano <tara.gtano@dyllerlawfirm.com>

No need to wait until Friday.  Proceed as you wish.

Barry H. Dyller

Dyller & Solomon, LLC