UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA MCCARTHY,<br>DEVIN MCCARTHY, and<br>OLUWATOMISIN OLASIMBO, | : <br> : <br> : <br> : <br> : | |
| Plaintiffs, | : <br> : | DECLARATORY JUDGMENT<br>ACTION |
| - against - | : <br> : | |
| MINNESOTA LAWYERS<br>MUTUAL INSURANCE<br>COMPANY and<br>RAUL JAUREGUI, | : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | No. 3:23-cv-00450-RDM |

PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANT MINNESOTA LAWYERS MUTUAL INSURANCE
COMPANY'S OBJECTIONS (DOC. 31) AND DEFENDANT RAUL
JAUREGUI'S OBJECTIONS (DOC. 30) TO THE REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE CARLSON (DOC. 28)

Plaintiffs Debra McCarthy, Devin McCarthy, and Oluwatomisin

Olasimbo, by and through their counsel Barry H. Dyller, Esq., and Dyller &

Solomon, LLC, respectfully submit this brief in opposition to defendants'

objections (Doc. 30 and 31) to the Report and Recommendation of

Magistrate Judge Carlson (Doc. 28; the "R&R"), which recommended that

the Court conclude that it lacks subject matter jurisdiction over this lawsuit,

and that it remand the case to the Luzerne County Court of Common Pleas.[1]

In this brief, we primarily address the arguments contained in MLM's brief.  In Point Six, *infra*, we briefly address Jauregui's *pro se* brief (Doc. 30-1), which is primarily devoted to baseless *ad hominem* attacks on undersigned Attorney Dyller and his family, and on the separate case which is properly before this Court and in which Jauregui is a defendant (*McCarthy et al. v. Jauregui, et al.*, 3:21-cv-1759-RDM).

## FACTUAL HISTORY

On February 13, 2023, the plaintiffs filed this declaratory judgment action in the Luzerne County Court of Common Pleas. On March 15, 2023, defendant Minnesota Lawyers Mutual Insurance Company ("MLM") filed a Notice of Removal (Doc. 1).  On March 17, 2023, plaintiffs made a motion for remand to state court.  (Doc. 5).

The Complaint seeks a declaration as to the amount of insurance coverage available under MLM's insurance policy with Jauregui;[2] it does

---

[1] The insurance company defendant, Minnesota Lawyers Mutual Insurance Company, is referred to herein as "MLM."

[2] In defendants' papers, they argue that Jauregui is not the named insured; instead, they argue that "Jauregui Law Firm" is the named insured and Mr. Jauregui is merely an "Insured" person covered by the insurance policy.

not seek other relief.  MLM makes numerous arguments as to why this

Court should not remand the case.  But ultimately the only issue is whether

removal was proper under 28 U.S.C. § 1441(b).

The only other arguably relevant argument – strained though it is -- is

whether plaintiffs "fraudulently joined" Jauregui, because it is only that

argument which, although incorrect, could affect whether this Court has

subject matter jurisdiction.


<u>ARGUMENT</u>

<u>POINT ONE</u>

<u>REMOVAL WAS IMPROPER UNDER 28 U.S.C. § 1441(b)(2).</u>

28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise

removable solely on the basis of the jurisdiction under section 1332(a) of

this title may not be removed if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is

brought."

---

(Doc. 31-1, at 8-10).  *See also* Jauregui's brief (Doc. 30-1), at 11.  This is a
non-argument, as "Jauregui Law Firm," is not a legal entity with capacity to
sue or be sued.  It is simply a non-registered fictitious name (*see* Exhibit A
attached hereto) which Jauregui uses to appear to be a law firm.  That
MLM used that fictitious name in its insurance policy does not render
Jauregui a non-insured, nor is there any person or entity other than
Jauregui who is actually protected by that insurance policy.

Defendant Jauregui is a citizen of Pennsylvania and was properly served in the state court action. Therefore, § 1441(b)(2) prohibits removal to federal court.

This is and should be the beginning and end of any analysis. Congress mandated, for better or worse, that under such a circumstance the federal district court lacks subject matter jurisdiction.  Plaintiffs moved to remand because actions taken in this Court in the absence of subject matter jurisdiction would be void and of no legal effect.[3]  *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (a state court case in which diversity of citizenship exists may be removed to federal court, "**provided that no defendant 'is a citizen of the State in which such action is brought**,' §1441(b)." (Emphasis added).  Among other things, the R&R relied on both § 1441(b) and *Caterpillar*.  See R&R, at 6.

Both MLM and Jauregui studiously avoid discussing or even mentioning § 1441(b)(2) in their objections or briefs.

In the interest of completeness, we address MLM's other arguments. But nothing else matters.  Congress's mandate as to subject matter

---

[3] We can easily foresee a scenario in which MLM takes a position that an unfavorable result in federal court is of no consequence due to the absence of subject matter jurisdiction.

jurisdiction controls.

<u>POINT TWO</u>

JAUREGUI WAS NOT FRADULENTLY JOINED; REGARDLESS, HIS
<u>PRESENCE DOES NOT AFFECT DIVERSITY JURISDICTION</u>

MLM argues that Jauregui was joined to defeat diversity jurisdiction.

(Doc. 31, at 4, ¶ 3B; Doc. 31-1, at 3-6, 11-12). This argument is

nonsensical—Jauregui is the only Pennsylvania domiciliary.  Not only was

Jauregui a properly named and necessary party to plaintiffs' state court

action under the Pennsylvania Declaratory Judgment Act,[4] Jauregui as a

---

[4] *See Pennsylvania Ins. Guar. Ass'n v. Schreffler*, 520 A.2d 477, 479 (Pa.
Super. 1987) (holding that the insured was an indispensable party to a
declaratory judgment action between the injured party and the insurance
carrier).

MLM argues that the Pennsylvania Declaratory Judgment Act is not
relevant because this case is – for the moment – in federal court.  This
argument intentionally misses the point.  The case was brought in state
court, where the Pennsylvania Declaratory Judgment Act applied.  It cannot
be "fraudulent" to comply with Pennsylvania law in a case brought in
Pennsylvania state court as to who is an indispensable party.

MLM's argument that the *Erie* doctrine applies (Doc. 31-1, at 3-5) would be
correct if this case were brought, or properly remained, in federal court.  In
other words, if removal in this case were proper, the federal declaratory
judgment act would apply.  But there is nothing fraudulent about the fact
that plaintiffs complied with state court rules in a case they brought in state
court.  Because there was no fraud and Jauregui was not fraudulently
named as a party, § 1441(b)(2) makes the removal to federal court
improper such that there is an absence of subject matter jurisdiction.

party does not defeat diversity of citizenship.  How MLM insists that Jauregui was named as a defendant in order to defeat diversity of citizenship is perplexing, considering that he and only he is a Pennsylvania domiciliary. The fact that removal is improper under 28 U.S.C. § 1441(b)(2) is separate and apart from the presence or lack thereof of diversity of citizenship.  28 U.S.C. § 1441(b)(2) functions to limit federal courts' jurisdiction where a defendant is a domiciliary of the state where the district court is located, *despite the existence of diversity of citizenship.*

POINT THREE

SUBJECT MATTER JURISDICTION IS FURTHER LACKING
BECAUSE PLAINTIFFS DO NOT HAVE STANDING UNDER
THE FEDERAL DECLARATORY JUDGMENT ACT

Subject matter jurisdiction is further lacking because plaintiffs have standing only under the Pennsylvania Declaratory Judgment Act,[5] and not the federal Declaratory Judgment Act. *See Carrasquillo v. Kelly*, 2018 WL 1806871 (E.D.Pa. April 17, 2018) (remanding declaratory judgment action brought by injured parties in state court and removed by insurance carrier

_____

[5] *See Vale Chemical Co. v. Hartford Accident and Indemnity Co.,* 516 A.2d 684 (Pa. 1986) (holding that injured parties are indispensable parties to declaratory judgment actions between an insured and his insurance carrier).

to federal court because injured party lacked standing under federal law and federal court therefore lacked subject matter jurisdiction).

In one of MLM's prior filings relating to the remand motion, it attempted to distinguish *Carrasquillo* by asserting that plaintiffs have a "potential direct right of action under the [p]olicy." (Doc. 12, at 12). This statement is not true. Plaintiffs are parties injured by tortfeasor Jauregui, MLM's insured.  Plaintiffs are not themselves parties to MLM's insurance policy.  MLM's argument – that plaintiffs could have sued the tortfeasor's insurer directly – and omitted the actual tortfeasor from the lawsuit, lacks merit. *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1087 (Pa. Super. 2005) (injured party was not a third-party beneficiary to contract between tortfeasor insured and insurer, and therefore injured party did not have a direct cause of action against insurer for torts committed by the insured).[6]

As in *Carrasquillo,* remand is necessary given plaintiffs' lack of

---

[6] MLM previously acknowledged—correctly— that plaintiffs do not have standing to file a direct action against MLM (See Exhibit B, attached hereto ("[T]he policy between MLM and Mr. Raul Jauregui does not demonstrate an intent to permit standing for any outside party, including Plaintiff")). MLM revealed its flexibility by taking contrary positions when it thinks it gives it some sort of advantage.  We also note that in Exhibit B MLM acknowledges that its policy is between MLM and **Mr. Raul Jauregui**; MLM only later conceives its argument that Raul Jauregui is not actually the insured.

standing under the Federal Declaratory Judgment Act.

POINT FOUR

On pages 7-10 of MLM's brief, it breaks into two parts the false argument that Jauregui is not a party to the insurance contract. Therefore, MLM argues, plaintiffs must have named Jauregui as a defendant in order to prevent the case from being removed to federal court.[7] This is wrong.

First, while the insurance contract refers to "Jauregui Law Firm" as the insured, there is no legal entity with that name. See Exhibit A hereto. It is just the unregistered fictitious name which Jauregui sometimes uses in order to project himself as a law firm. Had plaintiffs named "Jauregui Law Firm" as the defendant, they would be suing a non-entity.

Second, while Jauregui Law Firm is simply a fictitious name, were it otherwise, it would be a Pennsylvania domicilary, just as Jauregui the person is. Section 1441(b)(2)'s prohibition of removal in such a circumstance would remain. The point here is that not naming the non-entity Jauregui Law Firm could not be fraudulent in order to remain in state court. If it were an entity, being a named defendant in the state court action

_____

[7] Perhaps as an aside, undersigned counsel would be delighted if this case were properly in federal court, where the vast majority of counsel's practice is. But the absence of subject matter jurisdiction is an insurmountable barrier.

would also prohibit removal.

There is and was no fraudulent joinder.  Plaintiffs brought this case in state court simply because tort victims lack standing in federal court to bring an action to interpret the insurance contract between the tortfeasor and his insurance company.  In Pennsylvania state court, tort victims do have such standing.  That is the sole reason this case was brought in state court.

Since there was no fraudulent joinder and since Jauregui was properly named as a defendant, the prohibition contained in § 1441(b)(2) controls.  This case must be remanded to state court.

<u>POINT FIVE</u>

<u>SUPPLEMENTAL JURISDICTION DOES NOT EXIST</u>

MLM argues that "[s]upplemental jurisdiction lies because the claim for a declaration of indemnity under Defendant Minnesota Lawyers Mutual Insurance Company's policy arises out of the same series of transactions or occurrences as the tort claims in the Federal Action, McCarthy v. Jauregui, No. 3:21-cv-1759-RDM."  (Doc. 31-1, at 12).  MLM is wrong.

MLM is not involved in the controversy underlying the pending federal litigation, other than that its insured, Jauregui, is one of the defendants in the action. This declaratory judgment action is based solely on the

insurance coverage available under the insurance contract MLM issued to Jauregui. The other federal litigation is based on different issues, such as the tort claims that Jauregui abused multiple legal processes and caused harm to the plaintiffs, and whether Jauregui's client, Daniel Boye, committed battery against Ms. McCarthy.

Supplemental jurisdiction concerns state claims brought in the same lawsuit which asserts federal claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III…." 28 U.S.C. § 1367(a).

There is no claim **in this lawsuit** over which the district court has original jurisdiction. Further, the case or controversy is different. One case concerns torts committed by Jauregui and Boye. The other case concerns interpretation of an insurance contract. They are not the same case or controversy. There is no supplemental jurisdiction.

POINT SIX

JAUREGUI'S PRO SE OBJECTIONS AND BRIEF ARE IRRELEVANT

In his objections and brief (Docs. 30 and 30-1), Jauregui primarily addresses his view of the case brought against him and Daniel Boye for

abuse of process.[8]  Issues in that case are not the subject of this declaratory judgment case.

But two things are worth mentioning.  First, Jauregui reveals himself through his rhetoric.  We need not characterize the substance or tone of Jauregui's writing; it speaks for itself.  We submit that by reading Jauregui's words the Court will understand what rape victim Devin McCarthy, her roommate Ms. Olasimbo, and mother Debra McCarthy faced in the matters underlying the abuse of process case.

Second, while undersigned counsel has thick skin, we are also cognizant that legal filings are matters of public record.  Jauregui accuses undersigned of racism because Jauregui and his client are Latino.  It should be noted that nowhere – not in papers, not in court, not in any oral statement – has undersigned counsel ever even mentioned race in this case.  Only Jauregui focuses on race, including about Ms. Olasimbo being African-American.  One final note about race – Mr. Dyller and his wife are each lifetime members of the Wilkes-Barre chapter of the NAACP,[9] and in 2004 Mr. Dyller was awarded the NAACP's highest award, its Diversity

---

[8] *McCarthy et al. v. Jauregui, et al.*, 3:21-cv-1759-RDM.

[9] It is somewhat embarrassing to be required to defend oneself from Jauregui's baseless allegations.  But, given the public nature of his court filing, necessary.

Leadership Award.  See Exhibit C hereto.

Jauregui also references Mr. Dyller's wife, Judge Lesa Gelb, because she sits as a judge on the Luzerne County Court of Common Pleas. Jauregui suggests that on remand the case could go to her and would regardless go to one of her colleagues.  First, no case in which Mr. Dyller or his firm have any involvement ever goes to Judge Gelb.  Second, Mr. Dyller has practiced in the Luzerne County Court of Common Pleas long before his wife was a judge; that she is a judge does not somehow make any filing with a Luzerne County judge somehow suspect.[10]

As if it proves anything about Luzerne County's current Court of Common Pleas, Jauregui also refers to the "Kids-for-Cash" scandal that previously plagued Luzerne County and two of its now convicted and incarcerated judges.  Jauregui declines to mention that undersigned counsel, Barry Dyller, brought the "kids-for-cash" class action against the wrongdoers.  See *Conway, et al. v. Conahan, et al.*, 09-cv-291 (M.D.Pa.).

We do not wish to multiply these proceedings with a Rule 11 motion against Jauregui.  But the record must be set straight.

Regarding this case, because subject matter jurisdiction is lacking, it

---

[10] In fact, 40% of the Luzerne County judges have spouses who are lawyers.  Having a spouse as a lawyer does not somehow make that lawyer or his or her cases with different judges suspect.

should be remanded to state court.

CONCLUSION

For the foregoing reasons, plaintiffs respectfully request this Court overrule defendants' objections to the R&R, and grant plaintiffs' Motion to Remand the above-captioned case back to the Luzerne County Court of Common Pleas pursuant to 28 U.S.C. § 1447.

Respectfully submitted,

DYLLER & SOLOMON, LLC

s/ Barry H. Dyller, Esq.
Attorneys for Plaintiffs
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860