## RE: [EXTERNAL] RE: MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

**Hema P. Mehta** <hmehta@chartwelllaw.com>
Mon 1/23/2023 10:45 AM
To: Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
Cc: Tara Giarratano <tara.gtano@dyllerlawfirm.com>

Barry,

Here is the case law on third party beneficiary status, and how you can qualify. As you will note from the case law, here, ==the policy between MLM and Mr. Raul Jauregui does not demonstrate an intent to permit standing for any outside party, including Plaintiff.==

> In general, the question of whether third-party status exists is a matter left to the sound discretion of the court. Scarpitti v. Weborg, 609 A.2d 147, 150-51 (Pa. 1992). In Scarpitti, the Pennsylvania Supreme Court set forth the current standard for determining whether someone is a third party beneficiary to a contract: "In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." Id. at 149.
>
> Furthermore, to be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking. *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 70 A.2d 828, 830-31 (Pa. 1950).
>
> Take a look at Burks v. Fed. Ins. Co., 2005 PA Super 297, 883 A.2d 1086, 1087 (2005). In that case, Appellant filed an action against Federal Insurance Company for payment of her medical bills for treatment that resulted from a fall in PNC Bank. Appellant sought to collect damages under the insurance policy between Federal and PNC. The crux of this case hedged on whether the Appellant was considered a third party beneficiary to the insurance policy between PNC and Federal. It was held that Appellant was not considered a third party beneficiary as there was nothing in the agreement that indicated that the intent of the contract was to primarily protect individuals other than PNC. Id. at ¶ 18. Conversely, the contract did not permit a direct action against Federal Insurance from a personal injury claim. Instead, in order for carrier to be liable, a direct action must be taken against PNC for which the carrier may be liable under the policy.

As to the coverage issue, the Policy, which we sent to you in an earlier email provides, among other things, that all claims arising out of the **same or related professional services** shall be considered on claim and shall be deemed made when the first claim was deemed made. As we discussed, as alleged in the Amended Complaint, Plaintiffs' cause of action arose out of the same or related professional services, i.e., Raul Jauregui's representation of Boye it relates to the alleged sexual assault, rape and/or abuse that occurred on August 29, 2020 to August 30, 2022. The counterclaim against Devin, and complaints against both Olasimbo and Debra all arise from the same or related legal service that he was providing to Boye, they are not separate and apart from his representation of Boye. As such, as there is only one claim, the $200,000 liability limit applies.

**PLAINTIFF'S EXHIBIT B**

Hema P. Mehta, Esquire

Chartwell Law
One Logan Square, 26th Fl.
130 N. 18th Street
Philadelphia, PA 19103
Direct (215) 972-5497
Main (215) 972-7006
Mobile (609) 980-3172
Fax (215) 972-7008
hmehta@chartwelllaw.com
www.ChartwellLaw.com
Download vCard



Click here to see the complete list of states in which Chartwell Law is admitted to practice.
****Email Confidentiality Note****
To ensure that all legal communications are promptly received by this firm, we kindly request that you provide us with electronic courtesy copies (to the e-mail address of the attorney of record) of all pleadings, discovery, and correspondence that you are otherwise transmitting to our office via U.S. Mail or overnight delivery. This does not constitute a waiver of the mail/facsimile-service requirements prescribed by the applicable rules of civil procedure for the state in which the case is pending or Federal Rule of Civil Procedure 5, but requested solely as a precautionary measure during this crisis. We are happy to extend to you the same courtesy. Your professionalism and anticipated cooperation are greatly appreciated.

**From:** Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
**Sent:** Thursday, January 12, 2023 5:15 PM
**To:** Hema P. Mehta <hmehta@chartwelllaw.com>
**Cc:** Tara Giarratano <tara.gtano@dyllerlawfirm.com>
**Subject:** RE: [EXTERNAL] RE: MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

Hema,

It was nice speaking with you. I appreciate that you will send me state law standing cases supporting your position that my clients, the injured third parties, do not have standing in state court to bring a declaratory judgment action against Mr. Jauregui's insurer. As of now I disagree, but if binding caselaw to which you refer me states otherwise, I will certainly take that into consideration.

Regarding our discussion about the substantive coverage issue, I would appreciate if you would articulate for me your position that the actions Mr. Jauregui took regarding each of my clients, Devin McCarthy, Debra McCarthy and Oluwatomisin Olasimbo, are all related and therefore only $200,000 of coverage is available and not three times $200,000. Again, my clients and I will consider whatever you send me.

Thanks in advance.

Barry H. Dyller
Dyller & Solomon, LLC
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860 ex: 203

www.dyllerlawfirm.com

All information contained in this correspondence is **Attorney/Client & Work Product Privileged**

Please be advised that all information which is being sent via this electronic transmission is intended solely for the individual to whom it is addressed. Unless stated otherwise, any transmission to an individual(s) who is not a client does not automatically create an attorney/client relationship. If you have received this in error, please contact (570) 829-4860. Thank you.

---

**From:** Hema P. Mehta <hmehta@chartwelllaw.com>
**Sent:** Wednesday, January 11, 2023 4:49 PM
**To:** Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
**Cc:** Tara Giarratano <tara.gtano@dyllerlawfirm.com>
**Subject:** RE: [EXTERNAL] RE: MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

I'm available tomorrow and early next week if you'd like to chat.

Hema P. Mehta, Esquire

Chartwell Law
One Logan Square, 26th Fl.
130 N. 18th Street
Philadelphia, PA 19103
Direct (215) 972-5497
Main (215) 972-7006
Mobile (609) 980-3172
Fax (215) 972-7008
hmehta@chartwelllaw.com
www.ChartwellLaw.com
Download vCard



Click here to see the complete list of states in which Chartwell Law is admitted to practice.
****Email Confidentiality Note****
To ensure that all legal communications are promptly received by this firm, we kindly request that you provide us with electronic courtesy copies (to the e-mail address of the attorney of record) of all pleadings, discovery, and correspondence that you are otherwise transmitting to our office via U.S. Mail or overnight delivery. This does not constitute a waiver of the mail/facsimile-service requirements prescribed by the applicable rules of civil procedure for the state in which the case is pending or Federal Rule of Civil Procedure 5, but requested solely as a precautionary measure during this crisis. We are happy to extend to you the same courtesy. Your professionalism and anticipated cooperation are greatly appreciated.

**From:** Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
**Sent:** Wednesday, January 11, 2023 1:16 PM
**To:** Hema P. Mehta <hmehta@chartwelllaw.com>
**Cc:** Tara Giarratano <tara.gtano@dyllerlawfirm.com>
**Subject:** Re: [EXTERNAL] RE: MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

Gema, I'm out of the office today. Can talk later in the week. We are looking at the standing issue in both federal and state court. Am glad to discuss further with you.

Barry

Sent from my iPhone

> On Jan 11, 2023, at 9:58 AM, Hema P. Mehta <hmehta@chartwelllaw.com> wrote:

Barry,

Respectfully, Plaintiffs do not have standing to file a declaratory judgment action. The Policy is between MLM and its insured.

Hema P. Mehta, Esquire

Chartwell Law
One Logan Square, 26th Fl.
130 N. 18th Street
Philadelphia, PA 19103
Direct (215) 972-5497
Main (215) 972-7006
Mobile (609) 980-3172
Fax (215) 972-7008
hmehta@chartwelllaw.com
www.ChartwellLaw.com
Download vCard



Click here to see the complete list of states in which Chartwell Law is admitted to practice.

****Email Confidentiality Note****
To ensure that all legal communications are promptly received by this firm, we kindly request that you provide us with electronic courtesy copies (to the e-mail address of the attorney of record) of all pleadings, discovery, and correspondence that you are otherwise transmitting to our office via U.S. Mail or overnight delivery. This does not constitute a waiver of the mail/facsimile-service requirements prescribed by the applicable rules of civil procedure for the state in which the case is pending or Federal Rule of Civil Procedure 5, but requested solely as a precautionary measure during this crisis. We are happy to extend to you the same courtesy. Your professionalism and anticipated cooperation are greatly appreciated.

**From:** Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
**Sent:** Tuesday, January 3, 2023 11:21 AM
**To:** Hema P. Mehta <hmehta@chartwelllaw.com>
**Cc:** Tara Giarratano <tara.gtano@dyllerlawfirm.com>
**Subject:** [EXTERNAL] RE: MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

> CAUTION: [This is an External Email. Do not click links or open attachments unless you recognize the sender and know the content is safe].

Dear Ms. Mehta,

I disagree with Minnesota Lawyers Mutual's analysis. We intend to file a declaratory judgment action. I have two questions. First, would you let me know where MLM is incorporated and where its principal place of business is. I believe it makes most sense for all parties to have the declaratory judgment action filed as a related case to the federal case which is pending. I want to make sure there is diversity jurisdiction. Second, when we file the declaratory judgment action, are you authorized to accept service for MLM?

Please let me know, and we can get the coverage issue resolved soon.

Barry H. Dyller
Dyller & Solomon, LLC
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860 ex: 203
www.dyllerlawfirm.com

All information contained in this correspondence is **Attorney/Client & Work Product Privileged**

Please be advised that all information which is being sent via this electronic transmission is intended solely for the individual to whom it is addressed. Unless stated otherwise, any transmission to an individual(s) who is not a client does not automatically create an attorney/client relationship. If you have received this in error, please contact (570) 829-4860. Thank you.

**From:** Hema P. Mehta <hmehta@chartwelllaw.com>
**Sent:** Tuesday, January 3, 2023 8:48 AM
**To:** Barry H. Dyller <barry.dyller@dyllerlawfirm.com>
**Subject:** MLM Claim #: 22-010; Insured: Jauregui Law Firm; Claimant: Devin McCarthy, Debra McCarthy, Oluwatomisin Olasimbo

Mr. Dyller,

Please be advised that we have been retained to represent Minnesota Lawyers Mutual. We are in receipt of your December 12, 2022 correspondence. As you may know, Minnesota Lawyers Mutual issued a Lawyer's Liability insurance policy, no. 504852, with effective dates of October 20, 2021 to October 20, 2022 to the Jauregui Law Firm. The Declaration Page confirmed that the limit of liability is $200,000 per claim. More importantly, the Policy provides, *inter alia*, that all claims arising out of the same or related professional services shall be considered on claim and shall be deemed made when the first claim was deemed made. Further, the Policy provided, as you acknowledge, that all claim expenses shall first be subtracted from the limit of liability, and the remainder, if any, would be available to pay damages.

As alleged in the Amended Complaint, Plaintiffs' cause of action arose out of the same or related professional services, i.e., Raul Jauregui's representation of Daniel Boye ("Boye") as it relates to the alleged sexual assault, rape and/or abuse that occurred on August 29, 2020 to August 30, 2022. Specifically, Plaintiff Devin McCarthy ("Devin") alleged that on August 29, 2022, she was intoxicated and sexually assaulted in the morning hours of August 30, 2022 by Boye. As a result, she filed a Title IX Complaint at King's College. Boye, in response, retained Raul Jauregui ("Jauregui") to represent him. During that representation, Jauregui filed a counterclaim against Devin, a Title IX Complaint against Oluwatomisin Olasimbo ("Olasimbo") and a Complaint against Devin's mother, Debra McCarthy ("Debra") in the Luzerne County Court of Common Pleas. Consequently, all of the claims against Jauregui arose of the same or related legal service that he was providing to Boye. As there is only one claim, the liability limit is $200,000 – the stated limit of liability for each claim in the Declaration Page – applies.

A copy of the reservation of rights letter issued to Jauregui, and a copy of the policy are attached.

This email correspondence is not intended to be, nor is it to be construed as an exhaustive list of all of the terms, conditions, limitations, and exclusions of the Policies which preclude or may potentially preclude coverage for this matter. Should you have any documents or information that might impact MLM's coverage obligations under the Policies, please provide such information to us immediately. However, by continuing to conduct this investigation, or alternatively by concluding their investigation without notice, MLM does not, shall not, and will not waive any of its rights under the Policies. MLM further reserve their right to cite any and all of the Policies' endorsements, exclusions, and definitions that may be warranted.

If you have any questions concerning the content of this letter, please contact me. If you have any additional information that you would like MLM to consider, please provide them and MLM will certainly consider it promptly.

Hema P. Mehta, Esquire

Chartwell Law
One Logan Square, 26th Fl.
130 N. 18th Street
Philadelphia, PA 19103
Direct (215) 972-5497
Main (215) 972-7006
Mobile (609) 980-3172
Fax (215) 972-7008
hmehta@chartwelllaw.com
www.ChartwellLaw.com
Download vCard



Click here to see the complete list of states in which Chartwell Law is admitted to practice.

****Email Confidentiality Note****
To ensure that all legal communications are promptly received by this firm, we kindly request that you provide us with facsimile delivery or place on the e-mail address of the attorney of record) of all pleadings, discovery, and correspondence that you are otherwise transmitting to our office via U.S. Mail or overnight delivery. This does not constitute a waiver of the mail/facsimile-service requirements prescribed by the applicable rules of civil procedure for the state in which the case is pending or Federal Rule of Civil Procedure 5, but requested solely as a precautionary measure during this crisis. We are happy to extend to you the same courtesy. Your professionalism and anticipated cooperation are greatly appreciated.