IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA MCCARTHY, et al.,** | : | Civil No. 3:23-CV-450 |
| | : | |
| Plaintiffs, | : | **(Judge Mariani)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MINNESOTA LAWYERS** | : | |
| **MUTUAL INS. CO. and** | : | |
| **RAUL JAUREGUI,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**I.   Statement of Facts and of the Case**

This case, which comes before us for consideration of a motion for Rule 11 sanctions, (Doc. 24), began as a state court declaratory judgment action which sought a judgment regarding the scope of Attorney Raul Jauregui's insurance coverage under a policy issued by Minnesota Lawyers Mutual Insurance Company. (Doc. 1-1). This state court litigation, in turn, was inspired by a prior federal lawsuit brought by the same plaintiffs against Jauregui and another defendant arising out of claims of litigation misconduct which played out against the backdrop of a highly charged, emotionally divisive issue: sexual violence on a college campus. McCarthy, et al., v. Boye, et al., Civil No. 3:21-CV-1759. In this prior federal lawsuit, we have filed a Report and Recommendation, recommending that the defendants' motions to

dismiss be granted, in part, and denied, in part. McCarthy, et al., v. Boye, et al., Civil No. 3:21-CV-1759 (Doc. 43). That Report and Recommendation remains pending before the district court.

In the meanwhile, the plaintiffs filed this lawsuit in state court on February 13, 2013, as part of an apparent effort to determine the scope of Minnesota Lawyers' insurance coverage in this separate federal case. Minnesota Lawyers then promptly removed this case to federal court, (Doc. 1), and the plaintiffs have filed a motion to remand, (Doc. 5), which argues that removal was improvident and inappropriate. We have filed a Report and Recommendation recommending that this case be remanded to state court. (Doc. 28). That Report and Recommendation is also pending before the district court.

We now turn to a non-dispositive motion which remains pending in this case, a Rule 11 sanctions motion filed by Attorney Jauregui against plaintiffs' counsel. (Doc. 24). While this sanctions motion is filed in the declaratory judgment action, the substance of the motion actually appears to relate to the prior lawsuit involving claims of litigation misconduct in the course of Title IX proceedings at Kings College. McCarthy, et al., v. Boye, et al., Civil No. 3:21-CV-1759. As to this underlying lawsuit, which forms the gravamen of this sanctions motion, Defendant Jauregui insists: (1) that plaintiffs' counsel knew that his claims had no basis in fact; (2) that plaintiffs' counsel also knew that there were no legal grounds for a claim of

abuse of process; and (3) that plaintiffs' counsel filed these claims in the underlying case with the real objective of allowing these plaintiffs and their counsel to further smear Mr. Jauregui's reputation online. (Id.) Thus, the gist of the sanctions motion in this litigation entails a collateral attack upon the merits and motives of the plaintiffs' and their counsel in the underlying tort case.

Viewed in this light, for the reasons set forth below, this motion will be denied without prejudice.

### III. Discussion

Several basic guiding principles inform our resolution of the instant sanctions motion. By its terms, Rule 11 imposes an obligation upon litigants to refrain from frivolous and vexatious litigation, and specifically provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

3

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Having imposed this duty of forthrightness, candor, and good faith upon litigants, Rule 11(c) then provides for sanctions against parties who indulge in baseless and frivolous litigation, stating that:

**(c) Sanctions.**

**(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

--------------------------------------------------------------------

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c).

In determining whether to impose Rule 11 sanctions in a given case, we are cautioned that:

> The standard developed by courts for imposition of sanctions under Rule 11 is stringent because such sanctions 1) are "in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes," Eastway Construction Corp. v. City of New York, 637 F.Supp. 558, 564 (E.D.N.Y. 1986), modified and remanded, 821 F.2d 121 (2d Cir.), cert. denied 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); 2) tend to "spawn satellite litigation counter-productive to efficient disposition of cases," Gaiardo, 835 F.2d at 482; and 3) "increase tensions among the litigating bar and between [the] bench and [the] bar." Eastway Construction Corp., 637 F.Supp. at 564. This Court and others have interpreted its language to prescribe sanctions, including fees, only in the "exceptional circumstance", Gaiardo, 835 F.2d at 483, where a claim or motion is patently unmeritorious or frivolous. See, e.g., Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("Rule 11 therefore is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'") (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986)); Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'") (quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)), cert. denied sub nom. County of Suffolk v. Graseck, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988).

Consistent with this stringent view of Rule 11 sanctions, it is also clear that:

> Rule 11 sanctions are based on " 'an objective standard of reasonableness under the circumstances.' " Id. at 453 n. 3 (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir.1988)). Bad faith is not required. Id.; Jones, 899 F.2d at 1358." Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir.1995). Furthermore, it is well-settled under Rule 11 that: "Sanctions are to be applied only 'in the "exceptional

circumstance" where a claim or motion is patently unmeritorious or frivolous.' Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988) (citation omitted). Rule 11's 'primary purpose is not "wholesale fee shifting but [rather] correction of litigation abuse ." ' Id. (alteration in original) (citation omitted). It 'must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute,' and it 'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.' Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir.1988) (citation omitted)." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir.2010).

United States v. Bogart, No. 4:12-CV-347, 2014 WL 7466598, at *2 (M.D. Pa. Dec. 8, 2014). "Moreover, the guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005). Therefore, when considering a sanctions motion, it is clear that "the main purpose of Rule 11 is to deter, not to compensate." Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania, 103 F.3d 294, 301 (3d Cir. 1996). Further, '[t]he language of Rule 11 evidences the critical role of judicial discretion' in making sanctions determination. DiPaolo, 407 F.3d at 145. This discretion extends both to the decision to impose sanctions, and the determination of what an appropriate sanction may be. Id.

Judged against these exacting benchmarks, we find at this juncture that this case does not at present the type of exceptional circumstances that warrant imposition of sanctions. At the outset, we note a procedural oddity here. Defendant Jauregui seeks sanctions in this insurance coverage declaratory judgment action, but

6

the sanctions he seeks arise out of alleged litigation misconduct in a prior separate case. Thus, under the guise of a sanctions motion in this lawsuit, we are invited essentially to opine upon the merits and motives of parties in a separate lawsuit.

We will decline this invitation since it is both procedurally inappropriate and premature. The sanctions motion is procedurally inappropriate since, in our judgment, it is filed in the wrong case. It is also premature since the motion is premised upon allegations regarding the merits and motives of parties in this separate lawsuit which simply have not yet been sustained, since the district court is actively considering a Report and Recommendation in this separate lawsuit which concludes that a number of these allegations have sufficient facial merit to proceed forward.

Simply put, caselaw construing Rule 11 sanctions is marked by a single overarching principle; namely, when in doubt, one should decline to sanction parties. Given the procedurally and substantively dubious nature of this sanctions motion at present, we will deny this motion without prejudice to renewal by Defendant Jauregui in the proper case at the proper time, if the evidence supports a claim of sanctionable misconduct.

An appropriate order follows.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: July 19, 2022.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA MCCARTHY, et al.,** | : | Civil No. 3:23-CV-450 |
| Plaintiffs, | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Carlson) |
| **MINNESOTA LAWYERS MUTUAL INS. CO. and RAUL JAUREGUI,** | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 19th day of July 2023, in accordance with the accompanying Memorandum, IT IS ORDERED that Defendant Jauregui's motion for sanctions (Doc. 24), is DENIED without prejudice to renewal by Defendant Jauregui in the proper case at the proper time if the evidence supports a claim of sanctionable misconduct.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

8