IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA MCCARTHY, et al.,** | : | **Civil No. 3:23-CV-450** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MINNESOTA LAWYERS** | : | |
| **MUTUAL INS. CO. and** | : | |
| **RAUL JAUREGUI,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

I.    **Statement of Facts and of the Case**

This case is a state court declaratory judgment action which seeks a judgment

regarding the scope of Attorney Raul Jauregui's insurance coverage under a policy

issued by Minnesota Lawyers Mutual Insurance Company. (Doc. 1-1). This state

court litigation, in turn, was inspired by a prior federal lawsuit brought by the same

plaintiffs against Jauregui and another defendant arising out of claims of litigation

misconduct which played out against the backdrop of a highly charged, emotionally

divisive issue: sexual violence on a college campus. McCarthy, et al., v. Boye, et al.,

Civil No. 3:21-CV-1759. In this prior federal lawsuit, we have filed a Report and

Recommendation, recommending that the defendants' motions to dismiss be

granted, in part, and denied, in part. McCarthy, et al., v. Boye, et al., Civil No. 3:21-

CV-1759 (Doc. 43). That Report and Recommendation remains pending before the district court.

In the meanwhile, the plaintiffs filed this lawsuit in state court on February 13, 2013, as part of an apparent effort to determine scope of Minnesota Lawyers' insurance coverage in this separate federal case. Minnesota Lawyers then promptly removed this case to federal court, (Doc. 1), and the plaintiffs have filed a motion to remand, (Doc. 5), which argues that removal was improvident and inappropriate. We have filed a Report and recommendation recommending that this case be remanded to state court. (Doc. 28.) That Report and Recommendation is also pending before the district court.

We note, however, that there remain motions to dismiss in this case which are ripe and pending. (Docs. 8, 19). For the reasons set forth below, upon consideration of this constellation of pleadings, it is recommended that the district court defer action on the motions to dismiss until after it addresses the threshold question of whether this case should be remanded to state court.

II.     **Discussion**

   A.     **This Court Should First Address the Motion to Remand Before Addressing Motions to Dismiss or for Sanctions.**

The constellation of motions before us call upon the court to engage in two separate legal exercises. Initially, the plaintiff's motion to remand challenges whether this case should be in federal court in the first instance. Additionally, the

motions to dismiss seek merits determinations from us regarding the underlying

claims in this case. When presented with this combination of motions, the threshold

matter we must consider is the proper ordinal approach to addressing these motions;

namely, whether we should first consider questions of jurisdiction or examine the

underlying merits of this dispute. In this regard, both caselaw and the text of the

removal statutes suggest that we should first address the jurisdictional questions

before foraying into any merits analysis.

This conclusion stems from the language of the statutes governing removal

and remand, specifically, 28 U.S.C. § 1447, which directs that: "If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the

case shall be remanded." 28 U.S.C. § 1447(c). Given the mandatory nature of

Section 1447(c)'s command that the court shall remand lawsuits when subject matter

jurisdiction is lacking, it has been held that:

> [A] federal court must remand for lack of subject matter jurisdiction
> notwithstanding the presence of other motions pending before the court.
> See, e.g., Marathon Oil, 145 F.3d at 220 (holding that district court
> should have considered motion to remand for lack of subject matter
> jurisdiction before it addressed motion to dismiss for want of personal
> jurisdiction); Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998)
> (holding that district court should have remanded for lack of subject
> matter jurisdiction and should not have dismissed on grounds of ERISA
> preemption); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.
> 1995) (per curiam) (holding that district court had no jurisdiction to
> order interim costs and attorneys' fees where action should have been
> immediately remanded for lack of subject matter jurisdiction); Smith,
> 23 F.3d at 1139 (holding that district court had no authority to dismiss
> removed claim without subject matter jurisdiction); In re Bear River

Drainage Dist., 267 F.2d 849, 851 (10th Cir. 1959) (holding that motion to remand for lack of subject matter jurisdiction necessarily precedes motion to dismiss); Nichols v. Southeast Health Plan of Ala., Inc., 859 F.Supp. 553, 559 (S.D. Ala. 1993) (same).

Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). The rationale for this requirement that we first address the question of our subject matter jurisdiction before considering merits issues has been aptly explained. Thus, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed [when implicating questions of federal jurisdiction] and all doubts resolved in favor of remand." Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 495 n.8 (E.D. Pa. 2011) (quoting Brown v. Francis, 75 F.3d 860, 864–65 (3d Cir. 1996) and Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)) (internal quotations omitted).

Accordingly, it is recommended that the district court defer merits consideration of the motions to dismiss until after it addresses the threshold question of whether this case should be remanded to state court.

## III.    Recommendation

For the foregoing reasons, IT IS RECOMMENDED THAT the court refrain from addressing the motions to dismiss (Doc. 8, 19), until after it addresses the threshold question of whether this case should be remanded to state court.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of July 2023.


*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
