**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBRA McCARTHY, DEVIN McCARTHY, and OLUWATOMISIN OLASIMBO,** | : | **No. 3:23cv450** |
| **Plaintiffs** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY and RAUL JAUREGUI,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court are two reports and recommendations ("R&Rs") from Magistrate Judge Martin C. Carlson in this action for declaratory judgment. Defendants filed objections that are ripe for disposition.

**Background**

This case involves interpretation of an insurance policy providing coverage for Defendant Raul Jauregui ("Jauregui") regarding another matter pending before the court.  (See Doc. 1-1, Complaint at ¶ 2).  On February 13, 2023, plaintiffs initiated this action in the Luzerne County Court of Common Pleas seeking a declaratory judgment against Defendant Minnesota Lawyers Mutual Insurance Company ("MLM"). (Doc. 1, Notice of Removal at ¶ 1).  Plaintiffs also named Jauregui as a defendant.

The underlying action, <u>McCarthy v. Jauregui</u>, 3:21cv1759, involves the three plaintiffs' claims for battery, abuse of process, intentional infliction of emotional distress and wrongful use of civil proceedings against Jauregui and his client, Daniel Boye. (Doc. 1 at ¶ 6).  The claims in that matter arise out of an alleged sexual assault at King's College in Wilkes-Barre, Pennsylvania, subsequent Title IX proceedings at that institution, and a state court lawsuit filed by Jauregui against Plaintiff Debra McCarthy for allegedly defaming his client in her statements to the college's Title IX coordinator.  (Doc. 1-1 at ¶ 11-20).

This action focuses on insurance coverage potentially available under a lawyers' professional liability policy issued by MLM ("the policy").  Under the policy, Jauregui and Jauregui Law Firm are listed as insureds (Doc. 1-3, Ins. Policy, at 3). [1]

The issue between the parties involves whether Jauregui's conduct triggers coverage of $200,000 for one claim or the maximum coverage of $600,000 for multiple claims. (Doc. 1-1 at ¶¶ 4-5, Doc 1-3 at 2).  Plaintiffs assert in this action that each claim in the underlying lawsuit triggers the aggregate limit based on separate acts by Jauregui.  (Doc. 1-1 at ¶¶ 7, 10).  MLM takes the position that

---

[1] Jauregui argues in his objections that he is not a named insured and not the proper party to be sued. (Doc. 18 at 2).  Based on the policy documents provided by MLM in the notice of removal, this objection is meritless as discussed further below.

the underlying action is a single claim, limiting coverage to $200,000 in total. (Id. at ¶ 9).

MLM filed a notice of removal on March 14, 2023 averring that the court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (Doc. 1). On March 17, 2023, plaintiffs filed the instant motion to remand challenging the removal under the resident-defendant rule, 28 U.S.C. § 1441(b)(2). (Doc. 5). Since that time, both defendants filed motions to dismiss (Docs. 8, 19) and Jauregui filed two motions for sanctions. (Docs. 24, 42).

This matter was assigned to Magistrate Judge Carlson and he issued an R&R on June 5, 2023 recommending that the motion to remand be granted. (Doc. 28). The magistrate judge also addressed the motions to dismiss and the first motion for sanctions and recommended that the court refrain from addressing those other pending motions until after disposition of the motion for remand. Defendants timely filed objections to the R&R. (Docs. 30 & 31). Thereafter, on July 19, 2023, Magistrate Judge Carlson issued a second R&R regarding defendant's motions to dismiss, again recommending that the court refrain from acting on those other pending motions. (Doc. 38). Although no party

filed objections to the second R&R, the original objections address that same recommendation and bring the case to its present posture. [2]

## Jurisdiction

Defendant MLM asserts that the court has jurisdiction under 28 U.S.C. § 1332(a).  Jurisdiction is disputed.

## Legal Standards

### 1. Reports and Recommendations

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy

---

[2] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### 2. Removal and Remand

"The district courts . . . are 'courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute[.]' " Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)(quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).

"In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States . . ." Id. (citing 28 U.S.C. § 1332).

Removal of state court actions to federal court and remand of actions back to state court are governed by a series of statutes, 28 U.S.C § 1441-1455. Generally, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The resident-defendant rule, however, precludes removal based on § 1332(a) jurisdiction "if any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought."  28 U.S.C. §
1441(b)(2).

Following Third Circuit law, the court strictly construes the above statutes
against removal and resolves all doubts in favor of remand. See Steel Valley
Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).
"Because a party who urges jurisdiction on a federal court bears the burden of
proving that jurisdiction exists, a removing party who charges that a plaintiff has
fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden
of persuasion.' " Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.
1990)(quoting Steel Valley, 809 F.2d at 1010, 1012 n. 6).

In the removal context, a district court also has the authority to remand a
case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at
any time before final judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded."); see also Liberty Mut. Ins. Co.
v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)]
allows and indeed compels a district court to address the question of jurisdiction,
even if the parties do not raise the issue.").

**Discussion**

In their motion for remand, plaintiffs argue that this court is without jurisdiction based on § 1441(b)(2).  Defendants oppose, arguing that the plaintiffs fraudulently joined Jauregui to avail themselves of the resident-defendant rule.

When ruling on whether an action should be remanded to the state court, the court must focus on the plaintiffs' complaint at the time the removal was filed, and in doing so, assume as true all factual allegations of the complaint. See Steel Valley Auth., 809 F.2d 1006, 1010.

The notice of removal, state court complaint, and exhibits indicate that Plaintiffs Debra and Devin McCarthy are citizens of New York and Plaintiff Oluwatomisin Olasimbo is a citizen of Maryland.  (Doc. 1 at ¶ 11, Doc. 1-1 at ¶ 3, Doc. 1-2, at ¶¶ 4-6).  MLM is averred to be a company domiciled in Minnesota. (Doc. 1 at ¶ 12).  Jauregui is alleged to be a citizen of Pennsylvania. (Doc. 1 at ¶ 14, Doc. 1-1 at ¶ 3, Doc. 1-2 at ¶ 7).  On the face of plaintiffs' complaint and attached exhibits, § 1441(b)(2) would make removal improper because of Jauregui's Pennsylvania citizenship.

Defendants assert that the federal courts have jurisdiction because Jauregui was fraudulently joined.[3]  Defendants additionally argues that the court

---

[3] The use of the word fraudulent to describe the issue is a misnomer because there is no need to prove fraud or deceptive conduct.  Other courts refer to this as "improper" joinder. See

has supplemental jurisdiction based on its jurisdiction over the underlying tort action.  Finally, Jauregui's *pro se* objection to the R&Rs and subsequent briefs raise surplus issues, most of which are better suited for the underlying action where he is represented by counsel.  The court addresses each in turn.

## A. Fraudulent Joinder

The right to removal based on a controversy between citizens of different states "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)(citation omitted).  As further summarized:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant[] or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

Avenatti v. Fox News Network LLC, 41 F.4th 125, 133 (3d Cir. 2022)(quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851–52 (3d Cir. 1992)).

In their motion for remand, plaintiffs argue that joinder was not fraudulent or improper because they were required to join Jauregui under Pennsylvania law

---

Monroe v. Ethicon, Inc., 19-CV-5384, 2019 WL 7050130, at *9 (E.D. Pa. Dec. 23, 2019)(Kearney, J.).

when they filed this declaratory judgment action in state court.  Plaintiffs are

correct.

Under Pennsylvania law, state trial courts are given the authority to mold

certain rights under Pennsylvania's Declaratory Judgments Act. See Pecorara v.

Erie Ins. Exch., 574 A.2d 719, 720 (1990)(citing 42 PA. CONS. STAT. § 7531, *et*

*seq.*).  As summarized:

> Although not required by law, a party may initiate a
> declaratory judgment action for the court to make a
> determination of coverage of a claimed injury under an
> insurance policy. Aetna Cas. & Sur. Co. [v. Roe, 650 A.2d
> 94, 99 (1994)].
>
> "Declaratory judgments are nothing more than judicial
> searchlights, switched on at the behest of a litigant to
> illuminate an existing legal right, status or other relation."
> Wagner v. Apollo Gas Co., 399 Pa.Super. 323, 582 A.2d
> 364, 365 (1990) (citation omitted).
>
> The [Pennsylvania] Declaratory Judgments Act empowers
> courts "to declare rights, status, and other legal relations
> whether or not further relief is or could be claimed," and
> these declarations "have the force and effect of a final
> judgment or decree." 42 Pa.C.S.A. § 7532.

Selective Way Ins. Co. v. Hosp. Grp. Servs. Inc., 119 A.3d 1035, 1046
(Pa. Super. Ct. 2015)(citations amended and formatting modified).

Pennsylvania law also provides:

> Any person interested under a deed, will, written contract,
> or other writings constituting a contract, or whose rights,
> status, or other legal relations are affected by a statute,

9

> municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 PA. CONS. STAT. § 7533.

Additionally:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

42 PA. CONS. STAT. § 7540

The requirement under § 7540(a) "that all who have an interest in the declaration be made parties to the action is mandatory." HYK. Const. Co. v. Smithfield Twp. 8 A.3d 1009, 1015 (Pa. Commw. Ct. 2010)(citing Pilchesky v. Doherty, 941 A.2d 95, 101 (Pa. Commw. Ct. 2008). Section 7540(a) "constitutes a jurisdictional requirement with respect to joinder of indispensable parties." Pennsylvania Ins. Guar. Ass'n v. Schreffler, 520 A.2d 477, 479 (Pa. Super. Ct. 1987)(citing Vale Chemical Co. v. Hartford Accident and Indemnity Co., 516 A.2d 684 (Pa. 1986)).

As an illustration, Pennsylvania's Vale doctrine requires that a plaintiff in an underlying tort action be named as a party to a separate declaratory judgment

10

action when the underlying defendant seeks a coverage determination against its insurer.  See Titeflex Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 88 A.3d 970, 977 (Pa. Super. Ct. 2014).  Likewise, an insured is an indispensable party to a declaratory judgment action between a claimant and an insurance company in Pennsylvania because the policyholder has interests in ensuring that: 1) the insurance company fulfills its obligation to defend; and 2) the courts construe the insurance policy as providing the maximum amount of coverage possible for any judgment.  See Schreffler, 570 A.2d at 479.  In summary, Pennsylvania law requires that all interested parties sit at the table when an insurance policy is being interpreted in its courts under its state declaratory judgment act.

Defendants argue that, since this matter was removed to federal court, Pennsylvania law should yield to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Federal Rules of Civil Procedure.  Under federal law, "[i]n a case of actual controversy within its jurisdiction," courts "may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).

This dispute, however, highlights the differences in state and federal jurisdiction.  Federal courts only have power under Article III of the United States Constitution to adjudicate genuine cases and controversies.  California v. Texas,

593 U.S. ---, 141 S. Ct. 2104, 2113 (2021)(citations omitted).  The boundary

between declaratory judgment actions that do not satisfy Article III's case-or-

controversy requirement and the actions that do is not the brightest line. See

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  As summarized

in MedImmune, Inc.:

> Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts . . .
>
> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Id. (citations, quotation marks, and bracketing omitted).

As for Article III standing requirements, "[a] plaintiff has standing only if he

can 'allege personal injury fairly traceable to the defendant's allegedly unlawful

conduct and likely to be redressed by the requested relief.' " California v. Texas,

141 S. Ct. at 2113 (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342

(2006)).

An open question persists in the Third Circuit as to whether there is an

actual and justiciable controversy when an injured third party brings a declaratory

12

judgment action against the insurance company of the insured tortfeasor.  See Carrasquillo v. Kelly, No. 17-CV-4887, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018)(Quiñones Alejandro, J.).  Several district courts however "have consistently rejected the argument that individuals . . . have standing to sue as third-party injured plaintiffs" in declaratory judgment actions similar to this one. Joseph Oliver Constr., LLC v. Utica First Ins. Co., No. 19-CV-4352-KSM, 2020 WL 3791564, at *4 (E.D. Pa. July 7, 2020)(Marston, J.)(collecting cases); see also Dixon v. Gallagher Bassett Services, Inc., No. 23-CV-3930, 2023 WL 8283608, at *3 (E.D. Pa. Nov. 30, 2023)(Sanchez, C.J.).  In Carrasquillo, the district court found it was lacking subject matter jurisdiction because the plaintiff did not present an actual and justiciable controversy and remanded the matter back to state court under 28 U.S.C. § 1447(c). 2018 WL 1806871 at *4.

States like Pennsylvania on the other hand are free to broaden the scope of their courts' jurisdiction through their state constitutions and state statutes. See PA. CONST. art. V, § 5(b)("There shall be one court of common pleas for each judicial district ... having unlimited original jurisdiction in all cases except as may otherwise be provided by law.").  Moreover, Pennsylvania resolved any state constitutional questions related to jurisdiction in its Declaratory Judgments Act almost a century ago.  See Page Publ'g, Inc. v. Hemmerich, 287 A.3d 948, 956

(Pa Super. Ct. 2022)(discussing In re Cryan's Est., 152 A. 675, 677 (Pa. 1930) and Petition of Kariher, 131 A. 265, 271 (1925)).  To sum up these cases, state trial courts are conferred jurisdiction under Pennsylvania's Declaratory Judgments Act where an actual controversy exists or is imminent.  Id.

      In arguing here for the application of federal law and procedure, defendants undercut their position that there was fraudulent or improper joinder and make the argument for plaintiffs that this action belongs where it was originally filed.  By suing both MLM and Jauregui in state court to obtain a declaration about the insurance policy, plaintiffs availed themselves of a forum that would have jurisdiction to decide imminent insurance issues under state law.  As noted above, a requisite to jurisdiction in a declaratory judgment action in Pennsylvania is that all interested parties are joined.  42 PA. CONS. STAT. § 7540(a).  That means Jauregui was required to be named by plaintiffs as the insured party when they filed their declaratory judgment action in Pennsylvania.[4]  The court thus struggles to see any indicia of impropriety where plaintiffs followed the law of the

---

[4] To the extent that Jauregui's argument that he is an improper party needs to be addressed, a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder but must not step from the threshold jurisdictional issue into a decision on the merits.  In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006) (citations omitted).  As noted above, "Jauregui Law Firm" is the named insured under the policy and Jauregui himself is listed as an insured on the policy. (See Doc. 1-3).  Nonetheless, the Jauregui Law Firm operates out of Philadelphia per Jauregui's address for service in this matter and no one disputes that Jauregui represented Boye at all times relevant to this action and the underlying tort action.

state where the case was first filed.  Accordingly, defendants' fraudulent joinder objection will be overruled and plaintiffs' motion for remand will be granted.

### B. Supplemental Jurisdiction

Defendant MLM argues that this court has supplemental jurisdiction because plaintiffs' request for declaratory relief arises out of the same series of transactions or occurrences as plaintiffs' tort claims in the underlying federal action.  Defendant Jauregui argues that these two lawsuits cannot be evaluated separately.  The court disagrees with both assessments.

Supplemental jurisdiction refers to the district courts having jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  As noted above, the underlying action involves tort claims against Jauregui and Boye, a non-party here, for battery, abuse of process, intentional infliction of emotional distress, and wrongful use of civil proceedings.  Those claims involve an alleged campus-based sexual assault, Title IX proceedings, and a separate state court defamation case.  MLM is not a party to that case.  The claims at bar involve interpretation of an insurance contract issued by MLM covering Jauregui during his representation of Boye.  Because these are distinct cases and controversies,

15

no basis for supplemental jurisdiction exists here.  Defendants' objections will be overruled and plaintiffs' motion for remand will be granted.

### C. Jauregui's "Biased Forum" Objections

The court turns next to Jauregui's separate *pro se* objections (Doc. 30) and the matters he raised in a superfluous supplemental brief (Doc. 34), which, when construed together, form overarching arguments that the magistrate judge and the state court are biased against him and his client and/or biased in favor of counsel for plaintiffs.[5]  Jauregui's arguments are not persuasive.

First, the magistrate judge's recommendations are grounded in federal law, which precludes removal jurisdiction where there is a properly named and served resident defendant as discussed above in Section A.  Second, Jauregui's contention that state court litigation is "uncomfortable" falls short.  Jauregui himself notes that the related state court defamation case that he brought on behalf of Boye remains pending in the Luzerne County Court of Common Pleas and appeals have been taken from trial court decisions.  (Doc. 34 at 8; see also Boye v. McCarthy, 283 A.3d 381 (Table), 2022 WL 2815374 (Pa. Super. Ct.

---

[5] The court will only address Jauregui's polemics so far.  Moreover, "incomprehensible forays into personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and *ad hominem* observations," are inappropriate for court filings and will not be considered. See Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *2 (M.D. Pa. Aug. 7, 2013)(Jones, J.)

16

2022)(noting that the decision was from an appeal of a Luzerne County Court of Common Pleas decision after that case was remanded from federal court)). Finally, Jauregui's concerns that the courts will not be able to hear his pending motions for sanctions are unfounded as the Federal Rules of Civil Procedure still apply to the underlying tort action where he is represented by counsel and the Pennsylvania Rules of Civil Procedure allow him to request sanctions in that jurisdiction.  See PA. R. CIV. P. 1032.1-1032.4.  Thus, Jauregui's objections will be overruled and plaintiffs' motion for remand will be granted.

**Conclusion**

For the reasons set forth above, defendants' objections (Docs. 30, 31, 34) will be overruled and the R&Rs from Magistrate Judge Carlson (Docs. 28, 38) will be adopted.  Plaintiffs' motion for remand (Doc. 5) will be granted and this case will be remanded back to the Luzerne County Court of Common Pleas. Defendants' motions to dismiss (Docs. 8, 19) and Jauregui's motions for sanctions (Docs. 24, 42) will be dismissed as moot and the Clerk of Court will be directed to close this case.  An appropriate order follows.

**Date: 12/29/2023**

        _s/ Julia K. Munley_____
        **JUDGE JULIA K. MUNLEY**
        **United States District Court**